Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85067-3970
602.277.8996
Fax 602.253.8346

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| In re | In Proceedings Under Chapter 13 |
|---|---|
| CHARLES B. HENRY, | Case No. 2-08-bk-11868 SSC |
| and | **TRUSTEE'S RECOMMENDATION** |
| CHRISTINE T. HENRY, | (5/14/09) |
| Debtors. | |

The Trustee has reviewed the Plan, Schedules, and Statement of Financial Affairs. Trustee notes the following problems, which must be resolved before recommending confirmation of the Plan:

(1) The Plan fails to pay all disposable income to unsecured creditors, per Line 59 of Form B22C. Debtors must pay $12,375.00 to unsecured creditors (about 6% of such scheduled debts), independent of payments to all other creditors. Such provision to be in any order confirming plan.

(2) The proofs of claim filed by Countrywide Home Loans (# 5), Aqua Water (# 8), Dell Financial Services (#9), GMAC Mortgage (# 12), and CitiFinancial (# 20) differ from the creditors' treatment under the Plan or are not provided for by the Plan. The Trustee has received no notification that the issues have been resolved and the Debtor(s) must resolve the discrepancies before the Trustee recommends confirmation of the Plan. As to each claim, the Trustee requires that the Debtor(s): (a) file an objection to the claim (if the debt is believed to be unsecured; (b) notify the Trustee **in writing** that the claim issue has been resolved and the holder of the claim will endorse the order confirming the Plan; (c) notify the Trustee **in writing** that the order confirming the Plan will provide for full payment of the claim; or (d) timely file an amended Plan to provide for some or all payment on the claim. If resolution of the claims changes Plan funding requirements, the Trustee requires the receipt of an amended Plan analysis (Local Form 13-2) with any proposed Order

confirming the Plan. If one or more objections to the proofs of claim is timely filed by the Debtor(s), then the time to submit a proposed Order confirming the Plan to the Trustee is extended by 15 days after substantive completion of the last objection.

(3) DriveTime Acceptance and Countrywide Home Loans have filed objections to the Plan. The attorney for the Debtor(s) must notify the Trustee in writing if the objections are resolved or, if they are unresolved, file the appropriate motions to get the Court to hold hearings on the objections. If resolution of the objections changes Plan funding requirements, the Trustee requires receipt of an amended Plan analysis with any proposed order confirming the Plan. If a motion is filed to get a hearing before the Court, the time to submit a proposed Order confirming the Plan to the Trustee is extended.

(4) While Debtors gave the Trustee a copy of their 2008 income tax returns, the Trustee needs a copy of all W-2 forms. The amount of taxes estimated to be paid annually on Line 30 of the B22C Form seems grossly high. The Debtors' 2008 income tax returns show total tax liabilities of $7,238.00, not including payroll taxes. After deducting out an estimated $6,538.23 in payroll taxes, the annualized amount would be $13,776.23. The difference from the B22C amount is $6,258.77, or $521.56 monthly. This amount would be above the amount stated in paragraph (1) above.

(5) Other requirements:

(a) Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee.

(b) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(c) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

(d) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

(e) The proposed order confirming plan to provide that the Debtors will give the Trustee a

| | |
|---|---|
| 1 | copy of their 2009 through 2011 income tax returns within fifteen days of filing them. |
| 2 | SUMMARY: Pursuant to Local Rule 2084-10, **by May 14, 2009,** the Debtors must resolve |
| 3 | the issues stated in paragraphs (1) through (5) or the Trustee might lodge a dismissal order. |

Copy mailed to:

Charles B. Henry
Christine T. Henry
3149 West Campo Bello Drive
Phoenix, Arizona    85053
Debtors

Joseph W. Charles
P.O. Box 1737
Glendale, Arizona    85311-1737
Attorney for Debtors